# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. CR-23-211-D |
| ) | |
| KENNETH JOHN HOWARD, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's Motion in Limine [Doc. No. 65] related to Defendant's gang affiliation. The Government filed a response [Doc. No. 67]. The matter is fully briefed and at issue.

## BACKGROUND

Defendant was charged in a two-count superseding indictment [Doc. No. 30] with assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6), 7(3), and 2 (Count 1); and possession of a prohibited object, in violation of 18 U.S.C. § 1791(a)(2) (Count 2).[1]

With his motion, Defendant seeks to exclude any evidence pertaining to his membership in the Norteños gang and any alleged motive suggesting Defendant punished A.A. for violating gang rules. Defendant contends that such evidence is inadmissible, irrelevant, and unfairly prejudicial.

---

[1] Defendant has filed a petition to enter a plea of guilty as to Count 2 [Doc. No. 61].

1

The Government intends to offer evidence of Defendant's affiliation with the Norteños gang, arguing that Defendant's affiliation is intrinsic to the charged conduct. Specifically, the Government argues that Defendant's affiliation with the Norteños is relevant to explain why A.A. would willingly join Defendant and his co-defendant, Mr. Soto, at the edge of the prison yard; to prove Defendant's involvement in the assault of A.A.; and to explain that the assault was to punish A.A. for attempting to drop out of the Norteños.

## STANDARD OF DECISION

Although motions in limine are not formally recognized under the Federal Rules, district courts have long recognized the potential utility of pretrial rulings under the courts' inherent powers to manage the course of trial proceedings. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "A motion in limine presents the trial court with the opportunity 'to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Wilkins v. Kmart Corp.*, 487 F.Supp.2d 1216, 1218 (D. Kan. Apr. 10, 2007) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).

Although such pretrial rulings can save time and avoid interruptions at trial, "a court is almost always better situated during the actual trial to assess the value and utility of evidence. Consequently, a court should reserve its rulings for those instances when the evidence plainly is 'inadmissible on all potential grounds' … and it should typically defer rulings on relevancy and unfair prejudice objections until trial when the factual context is developed[.]" *Wilkins*, 487 F.Supp.2d at 1218-19 (citations omitted). Some in limine rulings

are preliminary in nature because the required balancing may be reassessed as the evidence is actually presented. Accordingly, "[a] district court 'may change its ruling at any time for whatever reason it deems appropriate.'" *United States v. Martinez*, 76 F.3d 1145, 1152 (10th Cir. 1996) (quoting *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995)).

    i.    **Rule 404(b) and Intrinsic Evidence**

Under Rule 404(b) of the Federal Rules of Evidence, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b). It may, however, be admissible for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* "Rule 404(b) limits the admissibility of evidence related to other crimes or wrongs, but it only applies to evidence of acts extrinsic to the charged crime." *United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011) (internal quotations and citation omitted).

Evidence is intrinsic, and not subject to Rule 404(b), when: 1) the evidence of the other act and the evidence of the crime charged are inextricably intertwined; 2) both acts are part of a single criminal episode; or 3) the other acts were necessary preliminaries to the crime charged. *Irving*, 665 F.3d at 1212; *see also United States v. Hill*, 604 F. App'x 759, 775 (10th Cir. May 22, 2015) (unpublished) (evidence is intertwined with the charged crime when, for example, "a witness's testimony would have been confusing and incomplete without mention of the prior act."). Although intrinsic evidence must be directly connected to the factual circumstances of the crime charged and provide contextual or

3

background information to the jury, the evidence need not establish an element of the crime charged. *Irving*, 665 F.3d at 1212.

## DISCUSSION

Here, the Court finds that the evidence of Defendant's shared gang affiliation with the victim, A.A., is intrinsic to the assault charge. A.A. is expected to testify that he was a member of the Norteños; that Defendant was his cell-mate, whom he knew to also be a member of the Norteños; and that A.A. had tried to drop out of the Norteños before the assault. Further, the Government intends to offer evidence that A.A. wanted to "plead his case" with the Norteños, who placed A.A. under investigation and under "safety blanket" protocol, requiring A.A. to be escorted at all times by two Norteños members. On the day of the alleged assault, Government counsel represents that surveillance videos show Defendant and Mr. Soto gather with a group of Norteños before retrieving A.A. and escorting him to the edge of the prison yard, where A.A. was allegedly assaulted. The Court agrees with the Government that this evidence provides context as to why A.A. would willingly walk with Defendant and Mr. Soto to the far reaches of the prison yard. Based on A.A.'s testimony, the Government intends to offer evidence of Defendant's involvement with the Norteños; that A.A. had previously attempted to drop out of the Norteños; and that the Norteños had placed A.A. under investigation and safety blanket protocol. The Court finds that this evidence is directly connected to the factual circumstances of the assault charge and provides context information for the jury, without which A.A.'s testimony would be confusing and incomplete.

Intrinsic evidence may be excluded under Rule 403's balancing test if the evidence is "substantially outweighed" by a danger of unfair prejudice. *United States v. Ford*, 613 F.3d 1263, 1268 (10th Cir. 2010). Exclusion under Rule 403 is "an extraordinary remedy to be used sparingly." *K-B Trucking Co. v. Riss Int'l Corp.*, 763 F.2d 1148, 1155 (10th Cir. 1985) (quoting *United States v. Plotke*, 725 F.2d 1303, 1308 (11th Cir. 1984)). It follows that Rule 403 should not be used as a tool to exclude merely unfavorable evidence. *See United States v. Flanagan*, 34 F.3d 949, 953 (10th Cir. 1994) ("While the evidence here certainly was damaging to [the] defense, the unfair prejudice aspect of Rule 403 'cannot be equated with testimony which is simply unfavorable to a party. It must be unfair in the sense that it would be misleading and not aid and assist the jury in making a material determination in the case.'") (quoting *McEwen v. City of Norman*, 926 F.2d 1539, 1549 (10th Cir. 1991)).

Here, the Court finds that evidence of Defendant's shared gang affiliation with A.A., who will testify that he had previously attempted to drop out of the Norteños and had been placed under investigation by the gang, is highly probative to Defendant's charged assault of A.A. The Court further finds that the probative value of such evidence is not substantially outweighed by a danger of unfair prejudice. This is especially true where surveillance footage shows Defendant and Mr. Soto meet with a group of Norteños, retrieve A.A., and lead A.A. to the location of his assault. For these reasons, the Court declines to exclude the intrinsic evidence of Defendant's affiliation with the Norteños under Rule 403.

## CONCLUSION

Defendant's Motion in Limine [Doc. No. 65] is **DENIED**. However, this Order does not preclude either party from asserting specific, contemporaneous objections at trial.

**IT IS SO ORDERED** this 28th day of February, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge